1  **BRAD A. BYSZEWSKI (SBN 238527)**
   **LAUREN B. KUTZ (SBN 250718)**
2  **COLMAN PERKINS LAW GROUP**
   **500 North Brand Boulevard, Suite 2200**
3  **Glendale, California 91203**
   **TELEPHONE (818)546-8686**
4  **FACSIMILE   (818)546-8787**

5  Attorneys for Defendant
   **COSTCO WHOLESALE CORPORATION**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN FUQUA,<br><br>         Plaintiffs,<br>vs.<br><br>COSTCO WHOLESALE CORPORATION, a Washington Corporation, and DOES 1 TO 50, inclusive,<br><br>         Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (DIVERSITY)** |

**TO THE CLERK OF THE ABOVE-ENTILTED COURT:**

PLEASE TAKE NOTICE THAT Defendant, Costco Wholesale Corporation ("Defendant") hereby removes this action from the Superior Court of the State of California, County of Riverside to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and sets forth in support of its Notice of Removal of Action the following:

**Complete Diversity Exists**

1.  This Notice of Removal is based in part, upon 28 U.S.C. § 1441(a) that states: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district

1  court of the United States for the district and division embracing the place where such action
2  is pending."

3      2.    District courts have original have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.  28 U.S.C. § 1332(a)(1).

    3.    Plaintiff Karen Fuqua is a citizen of the state of California.

    4.    Defendant Costco Wholesale Corporation was, at the time of the filing of this action, and still is, a citizen of the state of Washington.  Defendant is a Washington corporation with its headquarters and principal place of business in Washington.

    5.    Therefore, diversity of citizenship exists for purposes of removal of the state court action to this district court.

**Amount in Controversy Exceeds $75,000**

    6.    Plaintiff's Complaint alleges two causes of action for general negligence and premises liability against Defendant.  (*See* Plaintiff's Complaint, Case No. CVRI2202293, Superior Court of California, County of Riverside, pages 4&5, attached as Exhibit A.)

    7.    On April 10, 2020, Plaintiff alleges that she sustained injury to her hand while purchasing items at while visiting Defendant's store located at 5030 Hamner Avenue, Eastvale, California 91752.  Plaintiff alleges Defendant negligently and carelessly owned, operated, and/or maintained the subject premises so as to allow a dangerous condition to exist that resulted in Plaintiff's alleged injuries.  (*See* Plaintiff's Complaint, Case No. CVRI2202293, Superior Court of California, County of Riverside, pages 4&5, attached as Exhibit A.)

    8.    Plaintiff alleges she has suffered general damages, medical and incidental expenses, other special and incidental damages. (See Plaintiff's Complaint, Case No. CVRI2202293, Superior Court of California, County of
Riverside, page 3, attached as Exhibit A.)

    9.    On August 23, 2022, Plaintiff's counsel served Defendant with a Statement of Damages in which Plaintiff had sustained past medical specials of $9,600, future medical

damages of $10,000, pain and suffering damages of $150,000, and emotional distress damages of $100,000.   (*See* Plaintiff's Statement of Damages August 23, 2022s, attached as Exhibit B.)

10. The 30-day removal period starts to run only upon defendant's receipt of an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is … removable." 28 USC § 1446(b)(3).  Plaintiff's Statement of Damages qualifies as "other paper."  Where grounds for removal do not appear on the face of the initial pleading, courts may look to "documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal." *Lovern v. General Motors Corp.* (4th Cir. 1997) 121 F3d 160, 161.

11. Therefore, Plaintiff alleges damages that far exceed the minimum amount in controversy requirements for purposes of removal of the state court action to this district court.

**Notice of Removal Is Timely**

12. On June 6, 2022, Plaintiff filed this action in the Superior Court of the State of California, County of Riverside, as case no. CVRI2202293. (*See* Plaintiff's Complaint attached hereto as Exhibit A.)

13. On August 11, 2022, Plaintiff served the Summons and Complaint on Defendant through its registered agent, C T Corporation System.

14. On August 23, 2022, Plaintiff's counsel served Defendant with a Statement of Damages in which Plaintiff had sustained past medical specials of $9,600, future medical damages of $10,000, pain and suffering damages of $150,000, and emotional distress damages of $100,000.   (*See* Plaintiff's Statement of Damages August 23, 2022, attached as Exhibit B.)

15. This Notice of Removal is being filed within thirty (30) days after Defendant received Plaintiff's Statement of Damages.  28 U.S.C. § 1446(b)(3).

///

///

**Other Requirements for Removal Are Met**

16. Removal of this lawsuit to the United States District Court for the Central District of California is proper as the Superior Court of the State of California, County of Riverside, where the action was originally filed, is located in this district.

17. Defendant is simultaneously filing a Notice of Removal to Federal Court with the Superior Court of the State of California, County of Riverside, and it has given notice and served this pleading on Plaintiff. (A true and correct copy of the Notice of Removal to Federal Court filed with the Superior Court is attached hereto as Exhibit C.)

**Demand for Jury Trial**

18. Separate and apart from removal requirements, counsel for Defendant demands a jury trial.

Dated: September 22, 2022          COLMAN PERKINS LAW GROUP

                                   BY: _____
                                   BRAD A. BYSZEWSKI
                                   LAUREN B. KUTZ
                                   Attorneys for Defendant
                                   COSTCO WHOLESALE CORPORATION

*Re: Fuqua v. Costco*
Case No.: CVRI2202293

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and am not a party to this action; my business address is Colman Perkins Law Group, 500 North Brand Boulevard, Suite 2200, Glendale, California 91203, in said County and State.

On September 22, 2022, I served the foregoing document described as

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (DIVERSITY)** on the interested parties in this action as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

/X/ **ONLY BY ELECTRONIC TRANSMISSION.** Only by e-mailing the document(s) from jtoney@colmanlawgroup.com to the person(s) at the e-mail address(es) listed on the attached Service List. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission. We will provide a physical copy upon request only.

Tim J. Pollard, Esq.
Teh Pollard Firm, APC
556 N. Diamond Bar Blvd, Ste. 213
Diamond Bar, CA 91765
(909)655-6102 Phone
(909)503-0816 Fax
Email: timjpollard@thepollardfirm.com;
 agonzales@thepollardfirm.com
Attorney for Plaintiff

/X/   **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  **(C.C.P. § 2015.5)**

/X/   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 22, 2022, at Las Vegas, Nevada.

_____
Jessica Toney

5
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (DIVERSITY)