# EXHIBIT "A"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COSTCO WHOLESALE CORPORATION, a Washington Corporation, and DOES 1 TO 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KAREN FUQUA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER** *(Número del Caso):* CVRI 2202293

RIVERSIDE SUPERIOR COURT
4050 MAIN STREET
RIVERSIDE, CA., 92501

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
TIM J. POLLARD, ESQ. 272336 THE POLLARD FIRM, APC.
556 N. DIAMOND BAR BLVD., SUITE 213 (909) 655-6102
DIAMOND BAR, CA., 91765

DATE: 6/7/2022        Clerk, by _____, Deputy
*(Fecha)*              *(Secretario)*                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL] GC68150(g)

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* COSTCO WHOLESALE CORPORATION, a Washington Corporation
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

FUQUA, KAREN

Electronically FILED by Superior Court of California, County of Riverside on 06/07/2022 02:32 PM
Case Number CVRI2202293 [illegible] W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Brian Prado, Deputy Clerk
Case 5:22-cv-01371-JWH-SP Document 1-1 Filed 08/22/22 Page 3 of 20 Page ID #:8
PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| — TIM J. POLLARD, ESQ. 272336<br>THE POLLARD FIRM, APC<br>556 N. DIAMOND BAR BLVD., SUITE 213<br>DIAMOND BAR, CA, 91765<br>TELEPHONE NO.: (909) 655-6102  FAX NO.(Optional): (909) 503-0816<br>E-MAIL ADDRESS (Optional): TIMJPOLLARD@THEPOLLARDFIRM.COM<br>ATTORNEY FOR (Name): PLAINTIFF, KAREN FUQUA | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** RIVERSIDE
  STREET ADDRESS: 4050 MAIN STREET
  MAILING ADDRESS: 4050 MAIN STREET
  CITY AND ZIP CODE: RIVERSIDE, CA., 92501
  BRANCH NAME: RIVERSIDE HISTORIC COURTHOUSE

  PLAINTIFF: KAREN FUQUA

  DEFENDANT: COSTCO WHOLESALE CORPORATION, a Washington Corporation, and
  [X] DOES 1 TO 50, inclusive

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
  [ ] AMENDED (Number):
Type (check all that apply):
  [ ] MOTOR VEHICLE   [ ] OTHER (specify):
    [ ] Property Damage   [ ] Wrongful Death
    [X] Personal Injury   [ ] Other Damages (specify):

Jurisdiction (check all that apply):
  [ ] ACTION IS A LIMITED CIVIL CASE
    Amount demanded  [ ] does not exceed $10,000
                     [ ] exceeds $10,000, but does not exceed $25,000
  [X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
  [ ] ACTION IS RECLASSIFIED by this amended complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

CASE NUMBER: CVRI 2202293

1. Plaintiff (name or names): KAREN FUQUA

   alleges causes of action against defendant (name or names): COSTCO WHOLESALE CORPORATION, a Washington Corporation, and DOES 1 to 50, inclusive
2. This pleading, including attachments and exhibits, consists of the following number of pages: 5
3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff (name):
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor   [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other (specify):
      (5) [ ] other (specify):

   b. [ ] except plaintiff (name):
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor   [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other (specify):
      (5) [ ] other (specify):

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]
CEB Essential Forms
ceb.com

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

FUQUA, KAREN

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| FUQUA vs. COSTCO WHOLESALE CORPORATION | CVRI2202293 |

4. ☐ Plaintiff *(name)*:
   is doing business under the fictitious name *(specify)*:

   and has complied with the fictitious business name laws.
5. Each defendant named above is a natural person
   a. ☒ except defendant *(name)*:
      COSTCO WHOLESALE CORPORATION, a Washington Corporation
      (1) ☐ a business organization, form unknown
      (2) ☒ a corporation
      (3) ☐ an unincorporated entity *(describe)*:
      (4) ☐ a public entity *(describe)*:
      (5) ☐ other *(specify)*:

   c. ☐ except defendant *(name)*:
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe)*:
      (4) ☐ a public entity *(describe)*:
      (5) ☐ other *(specify)*:

   b. ☐ except defendant *(name)*:
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe)*:
      (4) ☐ a public entity *(describe)*:
      (5) ☐ other *(specify)*:

   d. ☐ except defendant *(name)*:
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe)*:
      (4) ☐ a public entity *(describe)*:
      (5) ☐ other *(specify)*:

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.
6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants *(specify Doe numbers)*: 1 to 50, INCLUSIVE were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants *(specify Doe numbers)*: 1 to 50, INCLUSIVE are persons whose capacities are unknown to plaintiff.
7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify)*:

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because *(specify)*:

PLD-PI-001 [Rev. January 1, 2007]
CEB Essential Forms
ceb.com

COMPLAINT-Personal Injury, Property Damage, Wrongful Death

FUQUA, KAREN

Page 2 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| FUQUA vs. COSTCO WHOLESALE CORPORATION | CVRI2202293 |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
    a. ☐ Motor Vehicle
    b. ☒ General Negligence
    c. ☐ Intentional Tort
    d. ☐ Products Liability
    e. ☒ Premises Liability
    f. ☐ Other *(specify)*:

11. Plaintiff has suffered
    a. ☐ wage loss
    b. ☐ loss of use of property
    c. ☒ hospital and medical expenses
    d. ☒ general damage
    e. ☐ property damage
    f. ☐ loss of earning capacity
    g. ☒ other damage *(specify)*:
       PERMANENT DISFIGUREMENT

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
    a. ☐ listed in Attachment 12.
    b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. (1) ☒ compensatory damages
       (2) ☐ punitive damages
       The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
       (1) ☒ according to proof
       (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: JUNE 6, 2022

TIM J. POLLARD
(TYPE OR PRINT NAME)                                    ▶ *(signature)*
                                                        (SIGNATURE OF PLAINTIFF OR ATTORNEY)

| SHORT TITLE: FUQUA vs. COSTCO WHOLESALE CORPORATION | CASE NUMBER: CVRI2202293 |
|---|---|

__ONE__    **CAUSE OF ACTION- General Negligence**    Page __FOUR__
(number)
ATTACHMENT TO [X] Complaint  [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: KAREN FUQUA

alleges that defendant *(name)*: COSTCO WHOLESALE CORPORATION, a Washington Corporation, and

[X] Does __1__ to __50, inclusive__

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date)*: April 10, 2020
at *(place)*: COSTCO WHOLESALE, 5030 HAMNER AVE. EASTVALE, CA 91752

*(description of reasons for liability)*:
KAREN FUQUA ("PLAINTIFF") WAS A SHOPPER AT THE COSTCO WHOLESALE, LOCATED AT 5030 HAMNER AVE. EASTVALE, CA 91752, WHICH WAS OWNED, OPERATED, AND OR MAINTAINED BY DEFENDANTS. UPON PAYING FOR HER ITEMS AT A CHECKOUT REGISTER, PLAINTIFF ENTERED HER DEBIT CARD INTO THE CARD PROCESSING MACHINE THAT WAS SURROUNDED BY PLEXIGLASS WITH A CUTOUT FOR CUSTOMERS TO INSERT THEIR CARDS THROUGH. AS PLAINTIFF INSERTED HER DEBIT CARD INTO THE CARD PROCESSING MACHINE THROUGH THE PLEXIGLASS CUTOUT WITH HER RIGHT HAND, ONE OF THE EDGES ON PLEXIGLASS CUTOUT LACERATED THE DORSAL SIDE OF PLAINTIFF'S RIGHT HAND, CAUSING PERMANENT DISFIGUREMENT.

AT SAID TIME AND PLACE, DEFENDANTS AND EACH OF THEM SO NEGLIGENTLY MANAGED, MAINTAINED, DESIGNED, AND/OR CREATED THE DANGEROUS CONDITION ON THEIR PROPERTY AND/OR FAILED TO PROVIDE PLAINTIFF WITH AN ADEQUATE WARNING OF THE DANGEROUS CHARACTERISTICS SO THAT SHE COULD PROTECT HERSELF AGAINST SAME. DEFENDANTS AND/OR THEIR EMPLOYEES OR AGENTS HAD ACTUAL NOTICE OF THE DANGEROUS CONDITION AS THEY INSTALLED AND MAINTAINED THE DANGEROUS PLEXIGLASS SHEILDS WITH CUTOUTS ON THEIR PROPERTY.

AS A PROXIMATE CAUSE OF SAID CONDUCT OF DEFENDANTS AND EACH OF THEM, PLAINTIFF WAS INJURED IN HEALTH, STRENGTH AND ACTIVITY, SUSTAINING INJURY TO THE BODY, SHOCK AND INJURY TO THE NERVOUS SYSTEM, ALL OF WHICH INJURIES HAVE CAUSED AND CONTINUE TO CAUSE PLAINTIFF GREAT MENTAL, PHYSICAL, AND NERVOUS PAIN AND SUFFERING, INCLUDING HUMILIATION, EMBARRASSMENT AND PERMANENT DISFIGUREMENT, ALL TO PLAINTIFF'GENERAL DAMAGES ACCORDING TO PROOF AT THE TIME OF TRIAL.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]
CEB Essential Forms
ceb.com
**CAUSE OF ACTION- General Negligence**
Code of Civil Procedure 425.12
www.courtinfo.ca.gov

FUQUA, KAREN

| SHORT TITLE: FUQUA vs. COSTCO WHOLESALE CORPORATION | CASE NUMBER: CVRI2202293 |
|---|---|

___TWO___  **CAUSE OF ACTION - Premises Liability**  Page ___FIVE___
(number)

ATTACHMENT TO [X] Complaint  [ ] Cross-Complaint
*(Use a separate cause of action form for each cause of action.)*

**Prem.L-1.** Plaintiff *(name)*: KAREN FUQUA
alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
On *(date)*: APRIL 10, 2020    plaintiff was injured on the following premises in the following
fashion *(description of premises and circumstances of injury)*:
PLAINTIFF WAS A SHOPPER AT THE COSTCO WHOLESALE LOCATED AT 5030 HAMNER AVE., EASTVALE, CA., 91752 WHICH WAS OWNED, OPERATED, MANAGED, OR MAINTAINED BY THE DEFENDANTS. UPON PAYING FOR HER ITEMS, THE DORSAL SIDE OF PLAINTIFF'S RIGHT HAND WAS LACERATED BY A JAGGED EDGE ON A CUTOUT IN THE PLEXIGLASS SHIELD THAT SURROUNDED THE CARD PROCESSING MACHINE AS SHE INSERTED HER CARD INTO THE MACHINE THROUGH THE CUTOUT.

**Prem.L-2.** [X] **Count One-Negligence** The defendants who negligently owned, maintained, managed and operated the described premises were *(names)*:
ALL DEFENDANTS, AND

[X] Does ___1___ to _50, INCLUSIVE_

**Prem.L-3.** [X] **Count Two-Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were *(names)*: ALL DEFENDANTS, AND

[X] Does ___1___ to _50, INCLUSIVE_
Plaintiff, a recreational user, was [ ] an invited guest [ ] a paying guest.

**Prem.L-4.** [X] **Count Three-Dangerous Condition of Public Property** The defendants who owned public property on which a dangerous condition existed were *(names)*:
ALL DEFENDANTS, AND

[X] Does ___1___ to _50, INCLUSIVE_
a. [ ] The defendant public entity had [ ] actual [ ] constructive notice of the existence of the dangerous condition in sufficient time prior to the injury to have corrected it.
b. [ ] The condition was created by employees of the defendant public entity.

**Prem.L-5.** a. [X] **Allegations about Other Defendants** The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were *(names)*:

[X] Does ___1___ to _50, INCLUSIVE_
b. [ ] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
[ ] described in attachment Prem.L-5.b   [ ] as follows *(names)*:

Page 1 of 1
Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(4) [Rev. January 1, 2007]
CEB Essential Forms
ceb.com
**CAUSE OF ACTION - Premises Liability**
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

FUQUA, KAREN

Electronically FILED by Superior Court of California, County of Riverside on 06/07/2022 02:52 PM
Case Number CVRI2202293 0000023651132 – W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Brigit Prado, Clerk
Case 5:22-cv-01671-JFW-SP   Document 1-1   Filed 09/22/22   Page 8 of 20   Page ID #:13

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| TIM J. POLLARD, ESQ. 272336<br>THE POLLARD FIRM, APC.<br>556 N. DIAMOND BAR BLVD., SUITE 213<br>DIAMOND BAR, CA., 91765<br>TELEPHONE NO.: (909) 655-6102   FAX NO. (Optional): (909) 503-0816<br>E-MAIL ADDRESS: TIMJPOLLARD@THEPOLLARDFIRM.COM<br>ATTORNEY FOR (Name): KAREN FUQUA | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: 4050 MAIN STREET
MAILING ADDRESS: 4050 MAIN STREET
CITY AND ZIP CODE: RIVERSIDE, CA., 92501
BRANCH NAME: RIVERSIDE HISTORIC COURTHOUSE

CASE NAME: FUQUA vs. COSTCO WHOLESALE CORPORATION, AND DOES 1 TO 50, INCLUSIVE

| CIVIL CASE COVER SHEET<br>[X] Unlimited   [ ] Limited<br>(Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER: CVRI2202293<br>JUDGE:<br>DEPT.: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[X] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action (specify): 3
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: JUNE 7 2022

TIM J. POLLARD, ESQ.
(TYPE OR PRINT NAME)                                    ▶ /s/ [signature]
                                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

CEB Essential Forms
ceb.com

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–33.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

FUQUA, KAREN

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition

CM-010 [Rev. September 1, 2021]    **CEB Essential** ceb.com Forms    **CIVIL CASE COVER SHEET**    Page 2 of 2

FUQUA, KAREN

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:** CVRI2202293

**Case Name:** FUQUA vs COSTCO WHOLESALE CORPORATION

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Chad Firetag in Department 3 for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316). Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml. If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing. If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
|  | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

Dated: 06/08/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____
B. Prado, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:** CVRI2202293

**Case Name:** FUQUA vs COSTCO WHOLESALE CORPORATION

TIM J. POLLARD
556 N. DIAMOND BAR BLVD., STE. 213
Diamond Bar, CA 91765

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 12/05/2022 | 8:30 AM | Department 3 |
| Location of Hearing: 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case. CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases. Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing. Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-692-7358 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak. It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

|  | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|---|---|
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 06/08/2022                                W. SAMUEL HAMRICK JR.,
                                                 Court Executive Officer/Clerk of Court

                                                 by: _____
                                                 B. Prado, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:** CVRI2202293

**Case Name:** FUQUA vs COSTCO WHOLESALE CORPORATION

KAREN FUQUA

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 12/05/2022 | 8:30 AM | Department 3 |
| Location of Hearing: 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case. CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases. Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing. Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-692-7358 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak. It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)

| | |
|---|---|
|  | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 06/08/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____
B. Prado, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:** CVRI2202293

**Case Name:** FUQUA vs COSTCO WHOLESALE CORPORATION

COSTCO WHOLESALE CORPORATION

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 12/05/2022 | 8:30 AM | Department 3 |
| Location of Hearing: 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case. CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases. Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing. Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-692-7358 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak. It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)

| | |
|---|---|
|  | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 06/08/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: *[signature]*
B. Prado, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

Notice has been printed for the following Firm/Attorneys or Parties: CVRI2202293

POLLARD, TIM J.  
556 N. DIAMOND BAR BLVD., STE. 213  
Diamond Bar, CA 91765

FUQUA, KAREN

COSTCO WHOLESALE CORPORATION



SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
www.riverside.courts.ca.gov

**Self-represented parties:** https://www.riverside.courts.ca.gov/SelfHelp/self-help.php

---

### ALTERNATIVE DISPUTE RESOLUTION (ADR) – *INFORMATION PACKAGE*

### *** THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT. ***

---

## What is ADR?
Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. The main types are mediation, arbitration, and settlement conferences.

## Advantages of ADR:
- Faster: ADR can be done in a 1-day session within months after filing the complaint.
- Less expensive: Parties can save court costs and attorneys' and witness fees.
- More control: Parties choose their ADR process and provider.
- Less stressful: ADR is done informally in private offices, not public courtrooms.

## Disadvantages of ADR:
- No public trial: Parties do not get a decision by a judge or jury.
- Costs: Parties may have to pay for both ADR and litigation.

## Main Types of ADR:

**Mediation:** In mediation, the mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to create a settlement agreement that is acceptable to everyone. If the parties do not wish to settle the case, they go to trial.

Mediation may be appropriate when the parties:
- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

Mediation is not appropriate when the parties:
- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration the arbitrator's decision is final; there is no right to trial. In "non-binding" arbitration, any party can request a trial after the arbitrator's decision. The court's mandatory Judicial Arbitration program is non-binding.

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR001-INFO [Rev. 06/10/21]

<u>Arbitration may be appropriate when the parties:</u>
- want to avoid trial, but still want a neutral person to decide the outcome of the case.

<u>Arbitration is not appropriate when the parties:</u>
- do not want to risk going through both arbitration and trial (Judicial Arbitration)
- do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:** Settlement conferences are similar to mediation, but the settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial. Settlement conferences often involve attorneys more than the parties and often take place close to the trial date.

## RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS

ADR Information and forms are posted on the ADR website:
https://www.riverside.courts.ca.gov/Divisions/ADR/ADR.php

### General Policy:
Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial. (Local Rule 3200)

### Court-Ordered ADR:
Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the "Court-Ordered Mediation Information Sheet" on the ADR website for more information.

### Private ADR (for cases not ordered to arbitration or mediation):
Parties schedule and pay for their ADR process without Court involvement. Parties may schedule private ADR at any time; there is no need to wait until the Case Management Conference. See the "Private Mediation Information Sheet" on the ADR website for more information.

### BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:
1. Discuss ADR with all parties at least 30 days before the CMC. Discuss:
   - Your preferences for mediation or arbitration.
   - Your schedule for discovery (getting the information you need) to make good decisions about settling the case at mediation or presenting your case at an arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.

(Local Rule 3218)

### RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:
- The Court's Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation). See https://adr.riverside.courts.ca.gov/Home/CivilMedPanel or ask for the list in the civil clerk's office, attorney window.
- Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act):
  Dispute Resolution Service (DRS) Riverside County Bar Association: (951) 682-1015
  Dispute Resolution Center, Community Action Partnership (CAP): (951) 955-4900
  Chapman University School of Law Mediation Clinic (services only available at the court)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| ☐ BLYTHE 265 N. Broadway, Blythe, CA 92225 | ☐ MURRIETA 30755-D Auld Rd., Murrieta, CA 92563 |
| ☐ CORONA 505 S. Buena Vista, Rm. 201, Corona, CA 92882 | ☐ PALM SPRINGS 3255 Tahquitz Canyon Way, Palm Springs, CA 92262 |
| ☐ MORENO VALLEY 13800 Heacock St. #D201, Moreno Valley, CA 92553 | ☐ RIVERSIDE 4050 Main St., Riverside, CA 92501 |

**RI-ADR001**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address):

TELEPHONE NO:        FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FOR COURT USE ONLY

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

CASE NUMBER:

CASE MANAGEMENT CONFERENCE DATE(S):

## STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)
(CRC 3.2221; Local Rule, Title 3, Division 2)

**Court-Ordered ADR:**
Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference. If eligible, the parties agree to participate in:

☐ Mediation            ☐ Judicial Arbitration (non-binding)

**Private ADR:**
If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐ Mediation            ☐ Judicial Arbitration (non-binding)
☐ Binding Arbitration  ☐ Other (describe): _____

Proposed date to complete ADR: _____

**SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.**

_____    _____    _____
(PRINT NAME OF PARTY OR ATTORNEY)    (SIGNATURE OF PARTY OR ATTORNEY)    (DATE)
☐ Plaintiff  ☐ Defendant

_____    _____    _____
(PRINT NAME OF PARTY OR ATTORNEY)    (SIGNATURE OF PARTY OR ATTORNEY)    (DATE)
☐ Plaintiff  ☐ Defendant

_____    _____    _____
(PRINT NAME OF PARTY OR ATTORNEY)    (SIGNATURE OF PARTY OR ATTORNEY)    (DATE)
☐ Plaintiff  ☐ Defendant

_____    _____    _____
(PRINT NAME OF PARTY OR ATTORNEY)    (SIGNATURE OF PARTY OR ATTORNEY)    (DATE)
☐ Plaintiff  ☐ Defendant

Page 1 of 1

Adopted for Mandatory Use
Riverside Superior Court
Form RI-ADR001 [Rev. 01/01/12]
[Reformatted 06/01/16]

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Statutory Authority
riverside.courts.ca.gov/localfrms/localfrms.shtml